COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
                                    NOS. 
  2-03-130-CR
2-03-138-CR
 
MORRIS HERSHELL LUMPKIN                                                 APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM THE 
43RD DISTRICT COURT OF PARKER COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        In a single point, Appellant, Morris Hershell Lumpkin, challenges the trial 
court’s denial of his motion for forensic DNA testing pursuant to chapter 64 of 
the Texas Code of Criminal Procedure. 
 

 We will affirm. 
Factual and Procedural Background
        In 1983, a jury found Appellant guilty of two murders and sentenced him 
to confinement for life. We affirmed Appellant’s conviction and sentence. 
 

 On 
September 3, 2002, Appellant, acting pro se, filed a motion pursuant to article 
64.01of the Texas Code of Criminal Procedure seeking DNA testing of evidence 
containing biological material for both counts of murder. 


 The trial court 
appointed counsel to assist Appellant in obtaining the order.
        In Appellant’s motions for DNA testing, he lists seven different items or 
categories of evidence that were admitted into evidence by the State during his 
1983 murder trial. This is the only evidence mentioned by Appellant in his 
motions and supporting affidavits. Attached to the State’s response to 
Appellant’s motions was the sworn affidavit of Elvera Johnson, District Clerk 
for Parker County. Johnson’s affidavit states that there are no exhibits and/or 
items of evidence in her possession related to Appellant’s cause numbers. 
Johnson certified that her records do not reflect when the exhibits or evidence 
was destroyed. The State additionally attached the affidavit of Melody Cox, 
evidence records custodian for the City of Weatherford Police Department. 
Cox’s affidavit states that she has care and custody of property and/or 
evidence related to the Weatherford Police Department’s investigation and that 
to her knowledge, none of the items in her possession contain any biological 
evidence. Appellant’s motions were denied on the basis that no genetic 
material was available for testing. 
Discussion
        Article 64.01(a) provides that a convicted person may submit to the 
convicting court a motion for forensic DNA testing of evidence containing 
biological material. 
 

 On receipt of the motion, the convicting court shall require 
the attorney representing the State to:
(A) deliver the evidence to the court, along with a description
of the condition of the evidence; or
 
(B) explain in writing to the court why the state cannot 
deliver the evidence to the court. 
 



Article 64.03(a)(1)(A) further provides that a convicting court may order
forensic DNA testing only if the court finds that the evidence still exists.



        The trial court found that evidence possibly containing biological material 
had been destroyed. Deferring to this finding of historical fact, we conclude 
that the trial court did not err in refusing to order DNA testing. The State 
provided sworn affidavits from the District Clerk for Parker County and the
evidence records custodian for the City of Weatherford Police Department
certifying that the State has no DNA evidence to deliver to the court pursuant
to article 64.02(2)(A). Consequently, the State proceeded to meet its burden
under article 64.02(2)(B) to explain why it could not deliver DNA evidence to
the court. Appellant, however, has failed to establish that a reasonable
probability exists that DNA testing would prove his innocence.
 

 In fact, 
Appellant’s burden is impossible to meet considering the total lack of DNA
evidence. Thus, the trial court did not err by denying Appellant’s motions for
forensic DNA testing pursuant to article 64 of the Texas Code of Criminal
Procedure.
 

 Accordingly, we overrule Appellant’s sole point. 
 

 
Conclusion
        Having overruled Appellant’s sole point, we affirm the trial court’s 
judgment.
                                                          PER 
CURIAM
 
PANEL F:   HOLMAN, GARDNER, and WALKER, JJ. 
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: November 13, 2003